SARGENT CO. *v.* UNITED STATES (No. 1179).[1]

PORCELAIN AND EARTHENWARE.

Porcelain is a highly finished translucent pottery, usually glazed, while earthenware is a cruder and inferior product. They are both earthenware, it is true, but the statute distinguishes them, and under the statute these crucibles of porcelain are not earthenware. They were dutiable under paragraph 94, tariff act of 1909.

United States Court of Customs Appeals, November 11, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31833 (T. D. 33304).

[Affirmed.]

*Lester C. Childs* for appellant.

*William L. Wemple*, Assistant Attorney General (*William A. Robertson*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

In this case, which is submitted without oral argument by either party, it appears from the record that certain plain white porcelain crucibles, about 2 inches in diameter at the top and about 1 inch in height, were assessed for duty at 55 per cent ad valorem under paragraph 94 of the tariff act of 1909. They are claimed by the importers' to be dutiable as earthenware crucibles under paragraph 92 of the

---

[1] Reported in T. D. 33880 (25 Treas. Dec., 455).

same act at 25 per cent ad valorem. No evidence whatever, except a sample of the merchandise, was offered to support the protest, and the question here is purely one of law.

The material part of paragraph 94 reads as follows:

China, porcelain, parian, bisque, earthen, stone and crockery ware, plain white, * * * fifty-five per centum ad valorem. ·

Paragraph 92, so far as it is necessary to refer thereto, provides:

Common yellow, brown, or gray earthenware, plain, embossed, or salt-glazed common stoneware, and earthenware or stoneware crucibles, * * * twenty-five per centum ad valorem; * * *.

The gist of importer's contention is stated in the following language:

It is claimed and appears clear that the provision for earthenware crucibles is sufficiently broad to cover crucibles made of porcelain, and that such an enumeration is manifestly more specific than articles made of porcelain, especially as the articles of porcelain provided for are in part enumerated in paragraph 94, and this enumeration does not include crucibles.

It is attempted to fortify this claim by the argument that " the term ' earthenware ' is a general term covering all articles composed of earthy or clay substances which have been baked or burned, while the term ' porcelain ' refers more especially to earthenware made of some particular kind of clay."

The Government contends that, in view of its treatment of the subject of china and earthenware, Congress has plainly differentiated between these two subjects of merchandise, so that it is apparent that a porcelain crucible is not an earthenware crucible within the contemplation of the tariff law.

We do not find it necessary to review the legislative history of the paragraphs involved.

From the dictionaries it appears, and we do not understand there is any controversy on that question, that porcelain is a highly finished translucent kind of pottery, usually glazed, while the word " earthenware," without further descriptive language, does not generally refer to such merchandise, but does refer to a cruder and inferior product than porcelain. Generically, all may be earthenware, but we think in common understanding they are not so considered. · A congressional distinction between these two subjects of merchandise seems to have been observed and carried through many of the preceding tariff laws. Having that in mind and considering the grouping of those subjects for duty in the present act, we think it is plain that Congress did not intend that porcelain crucibles should be taken out of the provisions of paragraph 94, where the rate of duty upon articles of porcelain is comparatively high, and placed within the provisions of paragraph 92, as claimed by the importers; or, stated in another way,

we do not think that the word "earthenware" as used in that paragraph was intended to or does for tariff purposes include articles of porcelain such as are here involved. If, commercially speaking, these porcelain crucibles are earthenware, the burden is upon the importer to establish that fact.

The judgment of the Board of General Appraisers is *affirmed*.